# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 10-0085** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **BEATO REYNOSO** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by *pro se* Petitioner Beato Reynoso. [doc. # 19]. For reasons stated below, it is recommended that the motion be **DENIED**.

## BACKGROUND

On April 20, 2010, Petitioner pleaded guilty to one count of illegal reentry of an alien after prior deportation in violation of 8 U.S.C. § 1326(a). *See* 3:10-cr-00115, [doc. # 10]. Because the illegal reentry offense violated the terms of Petitioner's supervised release imposed for a prior drug trafficking conviction in the District of New Jersey, this Court conducted a revocation hearing to determine if Petitioner's supervised release should be revoked. [doc. #16]. Ultimately, Petitioner's supervised released was revoked, and he was sentenced to 27 months imprisonment. [doc. # 18].

Petitioner sought no further direct review regarding this Court's revocation sentence; however, he did appeal the sentence of his conviction for illegal reentry. *See* 3:10-cr-00115, [doc. # 16]. On July 22, 2011, the Fifth Circuit affirmed Petitioner's sentence for illegal reentry in an unpublished decision. *See* 3:10-cr-00115, [doc. # 30]. The remaining facts underlying Petitioner's convictions are adopted from Respondent's brief:

> Defendant is a citizen of the Dominican Republic who, while in the United States, was convicted of conspiracy to distribute powder cocaine in New Jersey (R. 71).

> That conviction was entered on February 14, 2005, and defendant was deported to the Dominican Republic on October 4, 2006.
>
> On December 4, 2009, defendant was stopped in a routine traffic stop on Interstate 20 in Louisiana. He was found to be present in the United States illegally, having never applied for reentry since deportation. Defendant pleaded guilty to a one-count bill of information charging him with violation of 8 U.S.C. § 1326(a) and the district court imposed a 70-month term. of imprisonment for the illegal reentry and a sentence of 27 months for the revocation of his supervised release on the New Jersey conviction.

[doc. # 26-1, P. 4-5].

On March 19, 2012, Petitioner filed the instant *habeas* petition pursuant to 28 U.S.C. § 2255 challenging this Court's 27-month sentence for a violation of Petitioner's supervised release. [doc. # 19]. Petitioner asserts the following three grounds for *habeas* relief: (1) ineffective assistance of counsel for failing to submit a notice of appeal; (2) double jeopardy for being double sentenced; and, (3) Petitioner asserts "he was sentence to a term of supervised release when that punishment [*sic*] is not permited [*sic*] by the statute." [doc. # 19, P. 5, 7, 9]. As stated above, Petitioner did not file a direct appeal in this matter; therefore, these issues were not presented to an appellate court. The matter is now before the Court.

## LAW AND ANALYSIS

I.     **Standard of Review – 28 U.S.C. § 2254**

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). When a defendant has been convicted and his conviction has been upheld on direct appeal, there is a presumption that the defendant's conviction is fair and final. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). As a result, review under § 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255.

Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*). Thus, even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (citing *Shaid*, 937 F.2d at 232); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). Of course, issues raised and disposed of on direct appeal are not subject to further review under section 2255. *See Segler*, 37 F.3d at 1134.

In *United States v. Vaughn*, the United States Court of Appeals for the Fifth Circuit stated:

> [r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that would not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *U.S. v. Capua*, 656 F.2d. 1033, 1037 (5th Cir. 1981). Non-constitutional claims that could have been raised on direct appeal but were not may not be asserted in a collateral proceeding.

955 F.2d 367 (5th Cir. 1992).

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under § 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-6, 106 S.Ct. 2639, 2649 (1986); *Bousley v. United States*, 523 U.S. 614, 620-2, 118 S.Ct. 1604, 1610-1611 (1998); *United States v. Ward*, 55 F.3d 412, 414 (5th Cir. 1995); *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid*, 937 F.2d at 232.

II.     **Defendant's *habeas* petition was not filed timely and equitable tolling is not warranted.**

Under 28 U.S.C. § 2255(f), a motion to vacate, set aside or correct sentence should be filed within one year from:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

The only date relevant in this case is "the date on which the judgment of conviction becomes final." *See Id*. at § 2255(f)(1). The statute does not define when a conviction becomes final for purposes of the limitation period. *United States v. Thomas*, 203 F.3d 350, 351-52 (5th Cir. 2000). However, the Fifth Circuit has held that when a federal prisoner fails to file a notice of appeal from his conviction (in other words, when he fails to pursue the direct appeal process), the conviction becomes final for purposes of § 2255 upon the expiration of the period of time for filing a direct appeal. *United States v. Plascencia*, 537 F.3d 385, 389 (5th Cir. 2008).

In the instant case, Petitioner's amended judgment was filed on September 14, 2010. [doc. 18]. Under Fifth Circuit precedent, the judgment became final 14 days later, on September 28, 2010. Accordingly, Petitioner had one year from that date to file a timely petition under § 2255(f)(1); however, the instant *habeas* petition was not filed until March 19, 2012. [doc. # 19]. Therefore, Petitioner's § 2255 *habeas* petition is untimely. However, the undersigned must determine if equitable tolling is warranted.

Equitable tolling is permitted only "in rare and exceptional circumstances." *Davis v.*

4

*Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A *pro se* prisoner has no right to counsel during post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). This is why our equitable tolling cases do not laboriously apply the familiar test of *Strickland v. Washington*, 466 U.S. 668 (1984). Ineffective assistance of counsel is irrelevant to the tolling decision. Likewise, a petitioner's "own ignorance or mistake" does not warrant equitable tolling, and it would be rather peculiar to treat a trained attorney's error more leniently than we treat a *pro se* litigant's error. *Counsin v. Lensing*, 310 F.3d 843, 848-49 (5th Cir. 2002).

In Petitioner's reply brief, he argues that equitable tolling should apply as he personally attempted to file a notice of appeal in both this matter and in docket 3:10-cr-00115. Petitioner points to a letter sent to the U.S. Clerk of Court in which he states: "On September 7th 2010 I was sentenced in federal court by Honorable Judge Robert G. James in Monroe LA. The Court had stated that they would appoint me a lawyer, I wish to apply for my appeal . . ." *See* 3:10-cr-00115, [doc. # 17, P. 1]. Accordingly, the clerk construed this letter as a notice of appeal in docket 3:10-cr-00115. Petitioner argues that it was the failure of the "district clerk" because it was his intent to appeal both of his sentences, thereby tolling the date for collateral relief in the above-captioned matter. [doc. # 28, P. 7]. However, contrary to Petitioner's contentions, in the header of his letter to the clerk, it exclusively references the "10-CR-0115" docket and makes no reference to his sentence for violation of his supervised release. Moreover, in this Court's October 7, 2010 order granting Petitioner's motion for appellate counsel, the Court only references the 3:10-cr-00115 docket. *See* 3:10-cr-00115, [doc. # 20, P. 1]. Therefore, equitable tolling is not warranted in this matter because Petitioner's *habeas* petition is untimely due to "his own ignorance or mistake." *See Cousin*, 310 F.3d at 849.

## CONCLUSION

For the reasons stated above, it is recommended that Petitioner's motion [doc. # 19] under 28 U.S.C. § 2255 be **DENIED**. Under the provisions of 28 U.S.C. § 636(b)(1)(C) and

FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. § 2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 14th day of January, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE