# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. ACTION NO. 10-00085 |
| VERSUS | JUDGE ROBERT G. JAMES |
| BEATO REYNOSO | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Motion to Vacate, Set Aside or Reduce Sentence [Doc. No. 19], pursuant to 28 U.S.C. § 2255 filed by Defendant Beato Reynoso ("Reynoso").  On January 14, 2013, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 42] in which she recommended that this Court deny Reynoso's § 2255 motion on the basis that it was not timely filed and was not subject to equitable tolling.

With regard to Magistrate Judge Hayes' analysis of the timeliness of his Petition, Reynoso raised no objections.  The Court agrees with and ADOPTS her analysis in the Report and Recommendation.

However, in his February 12, 2013 objections [Doc. No. 47] to the Report and Recommendation, Reynoso argues that Magistrate Judge Hayes' analysis of his equitable tolling is incorrect.  In the last paragraph of the Report and Recommendation, Magistrate Judge Hayes states as follows:

> In Petitioner's reply brief, he argues that equitable tolling should apply as he personally attempted to file a notice of appeal in this matter and in docket 3:10-cr-00115.  Petitioner points to a letter sent to the . . . Clerk of Court in which he states: "On September 7th 2010 I was sentenced in federal court . . . I wish to apply for my appeal." . . . Petitioner argues that it was the failure of the "district clerk" because it was his intent to appeal both of his sentences, thereby tolling the date for collateral relief in the above-captioned matter . . . However, contrary to Petitioner's

contentions, in the header of his letter to the clerk, it exclusively references the "10-CR-0115 docket and makes no reference to his sentence for violation of his supervised release.  Moreover, in this Court's October 7, 2010 order granting Petitioner's motion for appellate counsel, the Court only references the 3:10-cr-00115 docket. . . .  Therefore, equitable tolling is not warranted in this matter because Petitioner's *habeas* petition is untimely due to "his own ignorance of mistake."  *See Cousin [v. Lensing]*, 310 F.3d [843, 849 (5th Cir. 2002).

[Doc. No. 42 , p. 5].  Reynoso denies that he listed the case number on his letter and adamantly objects that he intended to appeal his sentence in both this case and in Case No. 10-00115.

Having reviewed the Report and Recommendation, Reynoso's objections, and the record in this matter, the Court DECLINES TO ADOPT the last paragraph of the Report and Recommendation.  After a review of Reynoso's letter notice of appeal and consultation with the Clerk's Office, it is clear that Reynoso did NOT write the case number on his appeal.  That notation was made by an employee of the Clerk's Office.  Nevertheless, the Court agrees with Magistrate Judge Hayes that Reynoso has failed to establish equitable tolling when the untimeliness of his Petition is due to his own ignorance or mistake.  If, as Reynoso contends, he intended to appeal both cases, he has made no effort since September 2010 to correct this error.  In fact, after a Judgment was filed in this case on September 13, 2010, Reynoso made no other filings until March 19, 2012, when he filed the pending motion.

Furthermore, the Court has also reviewed the record in Case No. 10-00115.  Reynoso made no effort to file any correction to his notice of appeal in that case either.  Reynoso was appointed experienced counsel to handle his direct appeal in that case, and if Reynoso had communicated with counsel and explained that he wished to appeal both cases, counsel could have filed the appropriate motion with the Court.  Case No. 10-00115 [Doc. No. 20].  There is no evidence or indication that Reynoso gave this information to his counsel.

Finally, Reynoso also made some of his own filings in Case No. 10-00115, but none of those

filings indicated a desire to appeal the Judgment or could be construed as a motion to reopen the time for appeal.  Thus, Reynoso has offered no evidence or argument to indicate that equitable tolling should apply in this case.

Accordingly, for the reasons set forth in Magistrate Judge Hayes' Report and Recommendation, to the extent adopted by this Court, and for those additional reasons set forth in this Ruling, Reynoso's motion is DENIED.

MONROE, LOUISIANA, this 12th day of March, 2013.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE