# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CR. ACTION NO. 10-00085 |
| VERSUS | JUDGE ROBERT G. JAMES |
| BEATO REYNOSO | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

On March 19, 2012, Petitioner Beato Reynoso ("Reynoso") filed a Petition for Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2255.  In his Petition, Reynoso raised claims that his counsel was ineffective for failing to submit a notice of appeal, that the Double Jeopardy Clause was violated because he was "double sentenced," and that he was sentenced to a term of supervised release when such was not permitted by statute.

On January 14, 2013, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 42] in which she recommended that the Court dismiss Reynoso's Petition as untimely.  On February 12, 2013, the Clerk of Court received Reynoso's objections to the Report and Recommendation [Doc. No. 47].  On March 12, 2013, the Court issued a Ruling [Doc. No. 48] and Judgment [Doc. No. 49], adopting the Magistrate Judge's Report and Recommendation, but correcting one of the Magistrate Judge's factual findings and providing further analysis on Reynoso's argument that he was entitled to equitable tolling of the time to file his Petition.  The Court then denied Reynoso's Petition as untimely filed.  The same day, March 12, 2013, the Court denied a certificate of appealibility ("COA"), finding that Reynoso failed to show that jurists of reason would find it debatable whether the Court was correct in its procedural ruling. [Doc. No. 50].

On or about March 19, 2013, Reynoso placed in the prison mailing system a notice of appeal [Doc. No. 51].  On June 4, 2013, the United States Court of Appeals for the Fifth Circuit dismissed Reynoso's appeal for failure to comply with its April 16, 2013 notice. [Doc. No. 63].

However, on August 28, 2013, Reynoso filed a "Motion for Reconsideration of Sentence Imposed," [Doc. No. 57].  Reynoso moved the Court to "reconsider the sentence imposed on him," claiming that he did not commit a Grade A violation of his supervised release and that the Court erred by using the state criminal charge against him.  The Court construed the motion as a successive § 2255 petition and issued a judgment dismissing the petition. [Doc. Nos. 58 & 59].  The Court also denied a COA. [Doc. No. 62].

On February 24, 2014, the Fifth Circuit issued its mandate [Doc. No. 68] denying Reynoso a COA of the Motion for Reconsideration.

Shortly before the Fifth Circuit's mandate issued, on February 18, 2014, Reynoso placed in the prison mailing system the instant "Motion to Reopen Defendant's First § 2255 Motion Pursuant to the Fed. R. Civ. Proc. 60(b)(6)" ("Motion to Reopen")  [Doc. No. 69].   In this latest motion, received by the Clerk of Court on March 7, 2014, Reynoso moves the Court to reopen his original § 2255 petition, which was dismissed as untimely, and reach the merits of his claims.

Motions requesting reconsideration of a court judgment generally fall under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure.  Although the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, such a motion filed within twenty-eight days of the entry of the judgment being challenged is treated as a 59(e) motion; if the motion is filed after

twenty-eight days,[1] it is treated as a 60(b) motion.  *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *overruled on other grounds, Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).  Since Reynoso's Motion to Reopen was placed in the prison mailing system on March 7, 2014,[2] almost one year after the Court's Judgment issued, the motion is treated as arising under Rule 60.  Reynoso contends that he is not seeking to add a new claim; therefore, this is not a successive § 2255 petition, but, rather, a motion for relief from judgment under the catchall prvision found in Rule 60(b)(6).  Reynoso argues that under *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Court should set aside its judgment for failing to "deal in its decision with the mischaracterization of his informal letter seeking appointment of counsel to appeal the judgment of conviction and sentence imposed on September 7, 2010." [Doc. No. 69, p. 2].  He argues further that he was deprived of a direct appeal of his revocation judgment because the Court misconstrued his letter.         Despite Reynoso's arguments to the contrary, he is arguing the substance of his untimely § 2255 Petition.  Reynoso is bringing the same claims he previously asserted; he just wants this Court to ignore the untimeliness of his Petition and reach his claims.  Under these circumstances, the Court finds that Reynoso is, again, attempting to bring a successive § 2255.  There is no basis to reopen, alter, or amend the Court's March 12, 2013 Judgment and COA order.

Accordingly,

IT IS ORDERED that Reynoso's Motion to Reopen [Doc. No. 69] is DENIED.

If Reynoso wishes to appeal the Court's denial of his motion, he will need to obtain a COA.

---

[1]On December 1, 2009, the time period for filing a motion under Rule 59(e) was extended from ten to twenty-eight days.  FED. R. CIV. P. 59(e).

[2]Under the prison mailbox rule, a motion is deemed to have been filed on the date it was submitted to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270–76 (1988).

The Court finds that Reynoso has not made a substantial showing of the denial of a constitutional right with regard to this latest motion.  Therefore, a COA will be denied separately.  If Reynoso files a notice of appeal from this order, he can, again, request a COA from the Fifth Circuit.

      MONROE, LOUISIANA, this 20th day of March, 2014.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CR. ACTION NO. 10-00085 |
| VERSUS | JUDGE ROBERT G. JAMES |
| BEATO REYNOSO | MAG. JUDGE KAREN L. HAYES |

## CERTIFICATE OF APPEALABILITY

A final order having been filed in the above-captioned *habeas* case, the Court, considering the record in this case and the requirements of 28 U.S.C. § 2253, hereby finds that:

The certificate of appealability is DENIED because the applicant has failed to make a substantial showing of the denial of a constitutional right.

MONROE, LOUISIANA, this 20th day of March, 2014.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE